ANNA DONNELLY, as Administratrix with the Will Annexed of JOHN J. DONNELLY, Deceased, Plaintiff, v. NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, October 13, 1949.

*John F. Middlemiss* for plaintiff.

*Wingate & Cullen* for defendant.

Di Giovanna, J. This is a motion for summary judgment. Donnelly & Baumann, Inc., maintained an account with defendant from 1925 to late in 1940. John Donnelly, Jr., and his father were stockholders of that firm; the son became principal stockholder before his father died in March, 1940. After his father's death, he became executor of his estate.

On April 12, 1940, the firm account became overdrawn; at the same time the firm was indebted to the bank on a secured loan. The executor came to the bank on that day, spoke to an assistant manager, opened an estate account in his capacity as executor and had the assistant manager draw a check, which he signed, for $1,000 on the estate account to the order of Donnelly & Baumann, Inc. The check was entirely in the handwriting of the assistant manager, and, after being signed by the executor, was deposited in the firm account.

A similar check for $1,000 was drawn by the assistant manager on April 29, 1940, payable to the firm, and then deposited in the firm account.

A third check for $700 was drawn by the executor on the estate account payable to the firm and deposited to the firm's account on May 10, 1940. A fourth check in the sum of $100 was similarly drawn and deposited on July 3, 1940. On all those occasions the firm account was overdrawn and subject to the outstanding loan.

In this action, plaintiff, who has been substituted in place of her son as administratrix of the estate on account of the diversion of funds by the son as aforesaid, seeks redress from the bank.

The bank does not deny the foregoing facts but denies fraud or knowledge on its part of the intent of the executor to divert the estate's funds.

A bank is not under a duty to exercise utmost vigilance to protect an estate account. However, when it affirmatively

appears that the bank enriched itself or obtained a superior equity in the estate funds by reason of participation in the wrongdoing, even though it had no actual notice of the intended diversion by the executor, the bank must reimburse the estate. It has no right to retain the funds wrongfully diverted.

In *Bischoff* v. *Yorkville Bank* (218 N. Y. 106), wherein a comparable state of facts existed, the court said (p. 112): " A bank does not become privy to a misappropriation by merely paying or honoring the checks of a depositor drawn upon his individual account in which there are, in the knowledge of the bank, credits created by deposits of trust funds. The law does not require the bank, under such facts, to assume the hazard of correctly reading in each check the purpose of the drawer, or, being ignorant of the purpose, to dishonor the check."

" Inasmuch as the defendant knew that the credits to Poggenburg created by the proceeds of the checks were of a fiduciary character and were equitably owned by the executor, it had not the right to participate in a diversion of them from the estate or the proper purposes under the will. Its participation in a diversion of them would result from either (a) acquiring an advantage or benefit directly through or from the diversion, or (b) joining in a diversion, in which it was not interested, with actual notice or knowledge that the diversion was intended or was being executed, and thereby becoming privy to it."

In *Grace* v. *Corn Exchange Bank Trust Co.* (287 N. Y. 94), a trustee under a will drew 146 checks on his trust account and deposited the proceeds in his personal account. A large part of the deposits were used to repay personal loans from the bank. The court said (p. 102): " To establish joint liability of the bank for the derelictions of the trustee, the plaintiffs must prove that the bank gave to the wrongdoer such assistance as would make the bank a participant in the wrong. Proof that the bank failed in care is insufficient." And at pages 105–106: " None the less, where a bank accepts payment of any indebtedness with knowledge that the debtor is wrongfully using moneys which do not belong to him, the bank becomes a participant in the debtor's wrongful act, and what the court said and decided in *Bischoff* v. *Yorkville Bank* (*supra*) leads to the inevitable conclusion that elemental principles of honesty and good faith are violated where a bank, with knowledge that a borrower is transferring to his personal account moneys which belong not to him but to a trust estate, accepts payment of the personal indebtedness of the trustee from the moneys in the personal account, though inquiry by the bank would show

that the only moneys in the personal account were moneys which did not belong to the debtor. If the bank chooses to ignore completely the facts which indicate that the debtor is using moneys which may not belong to him, and accepts payment careless whether or not the moneys paid belong to him, it becomes morally and legally a participant in the debtor's wrong. * * * The bank becomes liable as a joint wrongdoer from the date when it *knowingly* assists the trustee in withdrawing the trust moneys from the personal account in order to pay a personal debt of the trustee to the bank."

Therefore, as to the aforesaid four checks, totalling $2,800, partial summary judgment under rule 114 of the Rules of Civil Practice is granted.

However, as to the remaining twelve checks in dispute, an issue of fact does exist in the first instance as to whether the moneys were actually diverted by the executor and whether the bank knowingly paid those checks.

Settle order on notice.